FILED
U.S. DISTRICT COURT
NEW ALBANY DIVISION

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

11 MAR 14 AM 10: 12
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| THE AMERICAN AUTOMOBILE ASSOCIATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> AAA AFFORDABLE INSURANCE LLC AND KENNETH CALKINS, <br><br> Defendants. | Cause No. <br><br> 4:11-cv-030 SEB-WGH |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff The American Automobile Association, Inc., ("AAA") brings this Complaint for injunctive, monetary, and other relief against Defendants AAA Affordable Insurance LLC ("AAA Affordable Insurance") and Kenneth Calkins. AAA alleges as follows:

### NATURE OF THE ACTION

1. This is an action for trademark infringement in violation of Section 32 of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. § 1114 and common law; for false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and for trademark cyberpiracy in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d). AAA seeks injunctive relief, monetary damages, restitution, and other appropriate relief, including an order enjoining Defendants from using the AAA Marks and requiring Defendants to transfer to AAA the domain name AAA-AFFORDABLE-INSURANCE.INFO (the "Infringing Domain Name").

2. This action arises out of Defendants' knowing and willful violation of AAA's rights in its famous and distinctive AAA trademarks (the "AAA Marks"). Defendants have used and continue to use the AAA Marks in commerce without authorization and with full knowledge that they are not authorized to use those marks. Specifically, Defendants have registered, advertise, and operate an insurance business under the name AAA Affordable Insurance. Moreover, Defendants have registered and are using the domain name AAA-AFFORDABLE-INSURANCE.INFO to host a website advertising insurance services through AAA Affordable Insurance. AAA has not authorized the above-described uses of its AAA Marks; nor is AAA affiliated with Defendants in any manner.

3. Defendants' unlawful use of the AAA Marks is likely to cause—and in fact may have already caused—consumers to believe, erroneously, that Defendants are affiliated with AAA or that AAA has endorsed Defendants' services, jeopardizing the goodwill associated with the AAA Marks, confusing those consumers seeking the reliable and dependable services of AAA, and unjustly enriching Defendants.

4. Defendants' unlawful use has lessened the capacity of AAA's famous AAA Marks to identify and distinguish the products and services AAA provides under those Marks and thus diluted the distinctive quality of the Marks. Furthermore, Defendants' use of the famous and distinctive AAA Marks has tarnished and harmed the goodwill and reputation of the AAA Marks.

5. Defendants have profited from their unauthorized use of the AAA Marks and have made unauthorized commercial use of the Marks in Indiana, and elsewhere, to their benefit and to the detriment of AAA and consumers, in violation of the laws set forth above.

## THE PARTIES

6. Plaintiff AAA is a not-for-profit, non-stock corporation organized and existing under the laws of Connecticut, with its principal place of business in Heathrow, Florida. AAA provides its over 50 million members with a wide variety of products and services throughout the United States and Canada, including in Indiana. AAA's services include discount services, travel and automobile related products and services, financial advice, and insurance and warranty coverage. AAA provides its products and services through the many local AAA member clubs that it endorses.

7. Defendant AAA Affordable Insurance LLC is a limited liability company organized under the laws of Indiana with a principal place of business at 8506 Falcon Rd, Charlestown, Indiana 47111 or 424 East Court Avenue, Jeffersonville, Indiana 47130. On information and belief, AAA Affordable Insurance, together with Mr. Calkins, owns and controls the domain name AAA-AFFORDABLE-INSURANCE.INFO and the associated infringing website offering insurance services.

8. Defendant Kenneth Calkins resides in Indiana and can be reached at 424 East Court Avenue, Jeffersonville, Indiana 47130. Mr. Calkins is the Registrant listed in the WHOIS records for the Infringing Domain Name and the principal agent of AAA Affordable Insurance.

9. GoDaddy.com, Inc. ("GoDaddy") is not a party to this action, but it is a registrar of domain names, including the Infringing Domain Name. GoDaddy is located and has its principal place of business at 14455 N. Hayden Rd, Suite 219, Scottsdale, Arizona 85260.

10. VeriSign, Inc. ("VeriSign") is not a party to this action, but it is the official domain name registry for all domain names with TLDs of ".com" and ".net," including

3

the Infringing Domain Name. VeriSign is located and has its principal place of business at 21355 Ridgetop Circle, Dulles, Virginia 20166.

## JURISDICTION AND VENUE

11. The Court has subject matter jurisdiction under 15 U.S.C. §§ 1121 and 1125 and under 28 U.S.C. §§ 1331 and 1338 in that this case arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq*.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c). On information and belief, a substantial part of the events giving rise to the claims occurred in the Southern District of Indiana. On further information and belief, the events giving rise to the claims originate in this District because Defendants reside, have principal places of business, and/or conduct business in this District.

13. For these same reasons, Defendants are subject to personal jurisdiction in this District.

## FACTS ENTITLING AAA TO RELIEF

**A.   AAA's Widespread and Substantial Use of Its Registered AAA Marks**

14. Since its founding over a century ago, AAA has enjoyed a reputation as one of the world's premier client service organizations. That reputation is largely based upon the quality and reliability of the many products and services it offers through its AAA Member Clubs.

15. Although its original focus was on combating unfair automobile laws and campaigning for better roads and more reliable vehicles, AAA quickly expanded its charter. It established itself almost immediately as a forceful advocate for travel safety and road improvements. Shortly thereafter, it also became associated with reliable travel-related

4

information. Today, AAA offers a broad range of products and services, including insurance products and services.

16. AAA has invested significant resources to develop and foster the reputation, recognition, and goodwill associated with its products and services. AAA's efforts include extensive advertising campaigns and promotional efforts along with retaining that goodwill by maintaining its commitment to quality and reliability.

17. AAA has used the AAA Marks and logo designs in interstate commerce to identify a wide range of products and services, including insurance products and services, for decades. Only those businesses that are part of AAA's network of approved service providers are authorized to use or display the AAA Marks. Consequently, AAA members and the public know that local businesses displaying AAA Marks are selected only if they maintain excellent reputations for quality, integrity, reliability, and service.

18. AAA and its local clubs have registered many AAA-related domain names and maintain several Internet websites through which AAA members and members of the general public may obtain information and, in some cases, purchase or use products and services (the "AAA Websites").

19. The AAA Websites are created and operated, in part, for purposes of attracting potential members and customers, encouraging their interest in AAA and its local clubs, and offering products and services to customers in the United States.

20. AAA has been selective in permitting businesses and organizations to use the AAA Marks in connection with their products and services, including on the Internet. Businesses and organizations that AAA has permitted to use the AAA Marks (including all the

5

AAA local clubs) are selected and permitted to do so if, and only if, they maintain excellent reputations for quality, integrity, reliability, and service.

21. As a result of AAA's history and experience providing high quality products and services through the AAA local clubs, and as a result of the continuous and extensive advertising, promotion, and sale of products and services under the AAA Marks, those trademarks have acquired substantial value and fame in the United States and throughout the World.

22. Further, the AAA Marks are widely recognized by consumers in this country and abroad and have acquired enormous goodwill as trademarks identifying high quality and reliable products and services, including insurance products and services. Indeed, the AAA Marks are distinctive such that consumers recognize that goods and services marketed under the AAA Marks originate with, or are approved or endorsed by, AAA and the AAA local clubs.

23. AAA has registered with the United States Patent and Trademark Office more than 70 of its AAA Marks, which AAA has used since at least 1902 in connection with the broad array of products and services offered to its members, including insurance products and services. The federal registrations Defendants are violating are:

    a) Reg. No. 829,265 for the AAA Mark, used in connection with automobile association services rendered to motor vehicle owners, motorists, and travelers, including placing insurance with underwriters;

    b) Reg. No. 2,158,654, for the AAA Mark & Design, used in connection with a variety of automobile related goods and services, including adjusting and collecting insurance damage claims and insurance brokerage services; and

     c)   Reg. No. 1,101,726, for the AAA LIFE INSURANCE COMPANY Mark, used in connection with the underwriting of life and accident insurance.

Copies of the registration certificates for the above marks are available from the United States Patent and Trademark office website: http://www.uspto.gov.

  24. Pursuant to 15 U.S.C. § 1057(b), the registration certificates for the AAA Marks, including those marks identified in paragraph 22, constitute *prima facie* evidence of the validity of those registrations, of AAA's ownership of the trademarks set forth therein, and of AAA's exclusive right to use those trademarks in commerce and in connection with the products and services specified in the registration certificates.

  **B.** **Defendants' Unlawful Use of Plaintiff's AAA Marks**

  25. AAA never authorized Defendants to use the AAA Marks.

  26. Nevertheless, as set forth below, Defendants have knowingly and willfully violated AAA's rights in its famous and distinctive AAA Marks by using in commerce the AAA Marks and have damaged, or are likely to damage, the reputation, recognition, and goodwill associated with the famous and distinctive AAA Marks.

  *1.* *Defendants' Unlawful Use*

  27. AAA Affordable Insurance is a limited liability company, organized in Indiana and licensed to sell personal and business insurance services in Indiana, Ohio, and Kentucky. AAA Affordable Insurance and its principal agent, Mr. Calkins, advertise their insurance business on Facebook and other websites offering reviews and contact information for insurance services.

  28. In addition, Mr. Calkins has registered the domain name AAA-AFFORDABLE-INSURANCE.INFO and, together with AAA Affordable Insurance, is using

7

that domain name to host a website that offers automobile, home, rental, and business insurance through AAA Affordable Insurance.

29.     AAA has not endorsed Defendants in this manner (or in any manner) and has not authorized Defendants to display the AAA Marks or to advertise or offer AAA discounts.

30.     Further, on information and belief, Defendants' unauthorized use of the AAA Marks has been and continues to be of commercial value to Defendants.

    2.    *Defendants' Failure to Comply with AAA's Notices*

31.     In or around November 2010, AAA learned that Defendants were making unauthorized use of the AAA Marks in the their business name and had registered the domain name AAA-AFFORDABLE-INSURANCE.INFO to host a website offering automobile, home, rental, and business insurance services.

32.     On November 30, AAA sent a letter by email and certified mail to the business address listed on the website located at <http://www.aaa-affordable-insurance.info> for Mr. Calkins and AAA Affordable Insurance. The letter informed Defendants that the unauthorized use of the AAA Marks in their business name, the Infringing Domain Name, and on the website violates the Lanham Act, as well as state common law, and demanded that Defendants cease all use of the AAA Marks and transfer the Infringing Domain Name to AAA.

33.     On January 6, 2011, having received no response to its letter, AAA sent Defendants a second cease and desist letter reiterating AAA's trademark rights and informing Defendants that if they did not respond by January 20, AAA would take all steps necessary to protect its rights.

34.     On January 13, AAA received a fax from Mr. Calkins, admitting that AAA Affordable Insurance offers products and services identical to those offered by AAA, but

8

denying infringement of the AAA Marks. Mr. Calkins offered to cease using the AAA Marks in his business name and sell the Infringing Domain Name for $5000.

35. On January 19, AAA responded to Mr. Calkins's letter and rejected his offer. Moreover, AAA explained that Defendants' directly competitive insurance services, to which Mr. Calkins referred in his letter, are likely to cause the precise consumer confusion against which trademark law seeks to protect.

36. That same day, Mr. Calkins emailed AAA and claimed that he had not offered to sell the business and domain name, but instead wanted AAA to reimburse him for costs associated with ceasing his infringement.

37. AAA immediately replied to this notice, asking Mr. Calkins the following: "Is it correct that, absent a payment of $5,000 from AAA to you, you refuse to comply with AAA's request that you cease use of the AAA Marks and transfer to AAA or cancel the registration for the AAA-AFFORDABLE-INSURANCE.INFO domain name?"

38. Mr. Calkins never responded to that question, and Defendants continue their unauthorized use of the AAA Marks in their business name, advertising, and domain name.

39. Defendants, despite notice that their continued unauthorized use of the AAA Marks constitutes trademark infringement, false designation of origin, trademark dilution, and trademark cyberpiracy, continue to use the AAA Marks and continue to benefit from their unauthorized use.

40. Defendants' continued unauthorized use of the AAA Marks conveys to consumers and members of the general public the false impression that Defendants and the products and services they offer are sponsored, approved, or endorsed by AAA.

41. Although not affiliated with or authorized by AAA, Defendants are using the AAA Marks in connection with the sale of automobile, home, rental, and business insurance. Such unauthorized use of the AAA Marks has caused or is likely to cause confusion among consumers who associate AAA with providing a wide variety of insurance services.

42. On information and belief, Defendants' use of the AAA Marks is of commercial value to them because consumers seeking to purchase insurance services may, after viewing Defendants' advertising or website, contact Defendants, erroneously believing that they are approved or endorsed by, or affiliated with, AAA.

43. Plaintiff's AAA Marks are famous and distinctive, became famous and distinctive before Defendants began their unauthorized use of the AAA Marks, and are entitled to a broad scope of protection. Defendants' unauthorized use lessens the capacity of Plaintiff's AAA Marks to identify and distinguish the products and services provided or endorsed by, or affiliated with, AAA under the AAA Marks, thereby diluting the distinctive quality of Plaintiff's AAA Marks.

44. On information and belief, Defendants' unlawful conduct as set forth herein was and continues to be willful, deliberate, and in bad faith.

45. For the foregoing reasons, Defendants' unlawful conduct has caused and likely will continue to cause injury to AAA and to the goodwill and value of its AAA Marks.

## COUNT I
**(Federal Trademark Infringement in Violation of Section 32 of the Lanham Act)**

46. AAA repeats and realleges the allegations set forth in paragraphs 1-45 above.

47. Defendants' unauthorized use of the AAA Marks violates Section 32 of the Lanham Act, 15 U.S.C. § 1114, because such conduct constitutes willful and deliberate uses

in commerce of reproductions, copies, and/or colorable imitations of AAA's federally registered AAA trademarks in connection with the sale, offering for sale, distribution, and advertising of Defendants' products and services in a manner likely to cause confusion, mistake, and deception.

48. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

49. These violations have irreparably damaged AAA, and it has no adequate remedy at law. Unless enjoined, Defendants' unlawful conduct will continue, further injuring AAA and confusing the public.

50. On information and belief, Defendants received substantial revenues and substantial profits as a result of their unlawful conduct, to which Defendants are not entitled, and AAA has also suffered damages as a result of such unlawful conduct, for which Defendants are responsible.

## COUNT II
### (False Designation of Origin and Unfair Competition in Violation of Section 43(a) of the Lanham Act)

51. AAA repeats and realleges the allegations set forth in paragraphs 1-50 above.

52. Defendants' unauthorized use of the AAA Marks violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because such conduct constitutes willful and deliberate use in commerce of words, terms, names, and/or false designations of origin that likely caused confusion, mistake, and deception as to the origin, sponsorship, or approval by AAA of services promoted by Defendants. This constitutes unfair competition and infringement of Plaintiff's AAA Marks.

53. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

54. These violations have irreparably damaged AAA, and it has no adequate remedy at law. Unless enjoined, Defendants' unlawful conduct will continue, further injuring AAA and confusing the public.

55. On information and belief, Defendants received substantial revenues and substantial profits as a result of their unlawful conduct, to which Defendants are not entitled, and AAA has also suffered damages as a result of such unlawful conduct, for which Defendants are responsible.

## COUNT III
**(Federal Trademark Dilution in Violation of Section 43(c) of the Lanham Act)**

56. AAA repeats and realleges the allegations set forth in paragraphs 1-55 above.

57. Defendants' unauthorized use of the AAA Marks violates Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), because such use, which commenced after Plaintiff's AAA Marks became famous, is intended to derive a commercial benefit from the value and goodwill associated with the AAA Marks and has caused dilution of the distinctive quality of the Marks.

58. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

59. These violations have irreparably damaged AAA, and it has no adequate remedy at law. Unless enjoined, Defendants' unlawful conduct will continue, further injuring AAA and confusing the public.

### COUNT IV
### (Federal Trademark Cyberpiracy in Violation of Section 43(d) of the Lanham Act)

60. AAA repeats and realleges that allegations set forth in paragraphs 1-59 above.

61. Defendants' unauthorized registration and use of the Infringing Domain Name violates AAA's rights under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), because: (i) Plaintiff is the owner of the AAA Marks, which are registered in the United States Patent and Trademark Office and protected under the Lanham Act, 15 U.S.C. §§ 43(a), (c), and (d); (ii) Defendants registered, trafficked in, and/or used the Infringing Domain Name with a bad faith intent to profit from AAA's already famous and distinctive AAA Marks; (iii) the Infringing Domain Name is confusingly similar to Plaintiff's AAA Marks; and (iv) Plaintiff's AAA Marks were distinctive and famous at the time of the registration of the Infringing Domain Name.

62. Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

63. Defendants' violation has caused and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law. Unless enjoined, Defendants' unlawful conduct will continue, further injuring AAA and confusing the public.

64. On information and belief, Defendants have received substantial revenues and substantial profits as a result of their unlawful conduct, to which Defendants are not entitled, and AAA has also suffered damages as a result of the infringing uses, for which Defendants are responsible.

### PRAYER FOR RELIEF

WHEREFORE, AAA respectfully seeks the following relief:

1. Enjoin and restrain Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from engaging in any of the following acts:

       (1)    Using without the authorization of AAA any of AAA's Marks, logos, and trade names, including, but not limited to, the designation "AAA," or any other name, logo, or mark that includes the designation "AAA" or that is confusingly or deceptively similar to any of AAA's Marks, logos, and trade names, either alone or in conjunction with other words or symbols, as a part of any trademark, service mark, logo, trade name, corporate name, assumed name, domain name, on or in relation to any goods sold or distributed by the Defendants, or in any other manner; and

       (2)    Using the letter "A" or any multiple combination of letters "A" in any form or manner that would tend to identify or associate Defendants or their business or services with AAA, including, without limitation, in the marketing, promotion, advertising, identification, sale or distribution of goods or services, or in any other manner;

       2.    Require Defendants, pursuant to 15 U.S.C. § 1118, to destroy all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, Internet content, stationery, software, and any other items in their possession or control which contain the infringing designations "AAA," or any term confusingly similar to "AAA," either alone or in combination with other words or symbols and to destroy all plates, molds, matrices, masters, and other means of making any of those infringing items;

       3.    Require Defendants to transfer or cancel their registration for the Infringing Domain Name and any other domain names in their control that contain "AAA;"

       4.    Should Defendants fail to transfer or cancel their registration for the Infringing Domain Name and any other domain names in their control that contain "AAA," require GoDaddy, the registrar of the Infringing Domain Name, to transfer the domain name to AAA.

5. Should GoDaddy fail to transfer the domain name to AAA, require Verisign to change the current registrar to MarkMonitor, Inc. and upon transfer, AAA shall become the Registrant and owner of record.

6. Require Defendants to file with the Court and to serve on AAA, within thirty (30) days after the entry of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

7. Require Defendants to pay to AAA an amount yet to be determined to compensate AAA for all damages sustained as a result of Defendants' unlawful conduct described above, plus interest thereon, and require, with respect to damages resulting from infringement or dilution of the AAA Marks or from unfair competition under the Lanham Act, that such damages be trebled pursuant to 15 U.S.C. § 1117;

8. Require Defendants to account for and pay to AAA all the profits derived by Defendants resulting from their use of the AAA Marks;

9. Award AAA the costs of this suit and its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117;

10. Award AAA statutory damages in the amount of $100,000 per Infringing Domain Name pursuant to 15 U.S.C. § 1117(d), or some other amount as the Court considers just;

11. Award prejudgment interest on all liquidated sums; and

12. Award such other and further relief as the Court deems just and proper.

March 11, 2011                                   Respectfully submitted,

*[signature]*
David O. Tittle
Kenneth J. Munson
Bingham McHale LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN  46204
(317) 635-8900
FAX:  (317) 236-9907
Email:  dtittle@binghammchale.com
Email:  kmunson@binghammchale.com

*Attorneys for Plaintiff*
*The American Automobile Association, Inc.*

OF COUNSEL:
Neil K. Roman
Peter D. Saharko
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2401
(202) 662-6000